## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

**TERESA ALEXANDER,**                        **CASE NO.**

      **Plaintiff,**

**v.**

**THOMAS UNIVERSITY, INC. and**
**HONEY LAKE CLINIC INC.**

      **Defendants.**
_____/

## COMPLAINT

Plaintiff, TERESA ALEXANDER, hereby sues Defendants, THOMAS UNIVERSITY and HONEY LAKE MENTAL HEALTH CLINIC, and alleges:

## JURISDICTION

1.    This is an action brought under the Americans with Disabilities Act (ADA), codified at 42 U.S.C. § 12101, et seq. and the Rehabilitation Act codified at 29 U.S.C. §701 et seq.

2.    This is an action involving claims which are, individually, in excess of Seventy-Five Thousand Dollars.

## THE PARTIES

3.    At all times pertinent hereto, Plaintiff, TERESA ALEXANDER, has been a resident of the State of Florida and a student of and employed by Defendants.

Plaintiff is a member of a protected class by dint of having an actual or perceived physical or mental disability and/or record of impairment which Defendant is aware of. Further, Plaintiff reported Defendant's unlawful employment practices and has been consequentially retaliated against.

4.      At all times pertinent hereto, Defendant, THOMAS UNIVERSITY, has been organized and existing under the laws of the state of Georgia and was conducting business within the geographical boundaries of this Court.  At all times pertinent to this action, Defendant has been an "educational institution" as that term is used under the applicable laws identified above.  Upon information and belief, Thomas University receives federal funds to support the program that Plaintiff was enrolled in and/or for Plaintiff's attendance at Thomas University.

5.      At all times pertinent hereto, Defendant, HONEY LAKE MENTAL HEALTH CLINIC, has been organized and existing under the laws of the State of Florida accepting students from Thomas University.  At all times pertinent to this action, Defendant has been associated with Thomas University, an "educational institution." Upon information and belief, Honey Lake receives federal funds to support the program that Plaintiff was enrolled in and/or for Plaintiff's attendance at the practicum at Honey Lake.

## CONDITIONS PRECEDENT

6.     Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

7.     Plaintiff began her education with Defendant Thomas University on or about June 2019  and, at all times pertinent to this action, has worked as a PRACTICUM STUDENT through Defendant THOMAS UNIVERSITY at Defendant HONEY LAKE MENTAL HEALTH CLINIC in GREENVILLE, FLORIDA.

8.     Plaintiff has been and continues to be subjected to disparate treatment, different terms and conditions of employment, and held to a different standard because of actual or perceived physical or mental disability and/or record of impairment and has been retaliated against after reporting this discrimination.

9.     Plaintiff is a disabled student with an actual or perceived disability and/or record of impairment. Plaintiff has a learning disability, she has been tested for and diagnosed with dyslexia and/or dysgraphia. As part of her accommodations, she had been entitled to extra time on exams and writing assignments in addition to tutoring services.

10.   As part of Plaintiff's education with Thomas University, she was required to take a practicum course. Plaintiff elected to participate in Honey Lake Mental Health Clinic to complete her Practicum.

11.   Defendant Thomas University discriminated against Plaintiff by disseminating the opinion that her ability to write was poor and denying her certain reasonable accommodations.

12.   For example, on or around March 6, 2019, Dr. Pauline Patrick e-mailed Dr. Cristina Jones, the Program Director, and Donya Manning, the Academic Advisor, all employees Defendants, stating that Plaintiff's professional writing was poor. After Defendant Honey Lake Mental Health Clinic sent the e-mail, Defendants began to assess Plaintiff's writing assignments with more scrutiny. Plaintiff attempted to contact Dr. Jones regarding a failing grade she received. Dr. Jones threatened Plaintiff with dismissal from the program for her behavior.

13.   Plaintiff requested accommodations from the Disability Center for her writing. Three professors, Dr. Steel, Dr. Jones, and Dr. Patrick complained about Plaintiff's request for accommodations.

14.   Plaintiff requested audio books for her classes and Dr. Steel denied Plaintiff's request because Plaintiff is not blind. Defendant Thomas University treated Plaintiff differently from students with physical disabilities who request accommodations.

4

15.     Defendant Honey Lake Mental Health Clinic subjected Plaintiff to different conditions in her role as Practicum Student by denying her access to the KUPI system which would have assisted her in her writing as an accommodation for her disability.

16.     Defendant acted in a biased, discriminatory manner by relying on the e-mails concerning Plaintiff's writing ability to single out her notes without ever reading them. Dr. Smith had not ever read her notes because Defendant denied Plaintiff the ability to take notes in the KUPI system.

17.     Defendant Honey Lake Mental Health Clinic did not make any effort to accommodate Plaintiff's learning disability when Defendant denied Plaintiff the ability to input notes into the facility's system.

18.     In or around July 11, 2019, Defendant Honey Lake Mental Health Clinic terminated Plaintiff from its Clinic. Defendant did not provide a reason for termination and did not provide Plaintiff with a midterm evaluation. Defendant Honey Lake merely sent Plaintiff an e-mail stating that all the therapists agreed that Plaintiff should be terminated.

19.     In or around July 18, 2019, Defendant Thomas University summoned Plaintiff to a remediation session.   When she attended, Defendant Thomas University denied Plaintiff an advocate from the Disability Center. Instead, Plaintiff was forced to bring her brother, David Alexander, to serve as her disability advocate

5

even though he has no training as a disability specialist. On information and belief, the situation in which Defendant placed Plaintiff is in stark contrast to the treatment afforded to other students.

20.   In or around July 19, 2019, Plaintiff attempted to discover more information regarding her unexplained termination and Defendant rebuffed her attempts to contact it. Defendant labeled Plaintiff's attempts to retrieve information about the spontaneous termination of her career path as "unprofessional."

21.   Defendants both, in tandem, worked against Plaintiff and failed to accommodate her by allowing her accommodations for her writing.  Interestingly, on or around July 29, 2019, Plaintiff received her midterm score of "A" on her midterm grade for her practicum site. However, in or around July 31, 2019, Plaintiff received an ending practicum grade of 89.7 and Defendant told her that her practicum grade would be an "Unsatisfactory." Defendant claimed that her practicum score was the reason for Plaintiff's remediation.

22.   In or around August 1, 2019, Plaintiff reported to the President of Thomas University, Dr. Sheppard, about the discrimination, denial of accommodations for her disability and termination from her practicum site at Honey Lake Mental Health Clinic.

23.   Subsequently, and in retaliation for her reports of discrimination, in or around August 16, 2019, Defendant Thomas University e-mailed Plaintiff an Action

Plan. Defendant presented this Action Plan to Plaintiff as a condition precedent for her return to Thomas University. In the Action Plan, Defendant required Plaintiff to complete additional coursework in writing classes even though the courses were not required for Plaintiff's degree. The mandated classes were writing intensive and Defendant assigned them to her due to her dyslexia and/or dysgraphia.

24.     In or around August 1, 2019, Defendant also told Plaintiff that she could not register for classes because she refused to comply with the spontaneous and unfair terms and conditions required by Defendant Thomas University based on her disability.

25.     Plaintiff is a stellar student, with a 3.5 GPA, but Defendant Thomas University has dismissed her from school and Defendant Honey Lake Mental Health Clinic has dismissed her from her practicum without a documented investigation or evaluation based on her disability.

26.     Plaintiff is experiencing emotional distress and the loss of her financial investment in her education as the direct result of Defendant's discriminatory actions and failure to provide accommodations for her disability.

27.     Plaintiff has retained the undersigned to represent their interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the statutes referenced above.

## COUNT I
## <u>DISABILITY DISCRIMINATION</u>

28.     Paragraphs 1 through 27 above are re-alleged and incorporated herein.

29.     This count sets forth a claim for discrimination on the basis of Plaintiff's actual or perceived mental or physical disability and/ or record of impairment, brought under 42 U.S.C. §12101, et seq. and the Rehabilitation Act.

30.     Plaintiff has been a victim of discrimination on the basis of actual or perceived disability and/or record of impairment. During the course of Plaintiff's employment by Defendant, Plaintiff was treated differently than similarly situated employees who are non-disabled, not perceived as disabled, or do not have a comparable record of impairment to Plaintiff.

31.      Defendant is liable for the differential treatment and its refusal to accommodate Plaintiff, which adversely affected a term, condition, or privilege of Plaintiff's employment with Defendant as those terms are used in the applicable statutes.

32.     Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

33.    In essence, the actions of agents of Defendant, which were each condoned and/or ratified by Defendant, were disability/perceived disability-based and in violation of the laws set forth herein.

34.    The discrimination complained of herein affected terms, conditions, and privileges of Plaintiff's continued employment by Defendant. The events set forth herein led, at least in part, to Plaintiff's disability discrimination action.

35.    Defendant's acts and omissions constituted intentional discrimination and unlawful employment practices based upon disability or perceived disability, under the laws cited herein.

36.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are occurring at present, and likely will continue in to the future. Plaintiff is entitled to equitable/injunctive relief and to punitive damages under this count.

## COUNT II
## RETALIATION

37.    Paragraphs 1 through 27 above are re-alleged and incorporated.

9

38.     Defendant is an employer as that term is used under the applicable statutes referenced above.

39.     This count sets forth a claim for unlawful retaliation under 42 U.S.C §12203 and the Rehabilitation Act.

40.     Defendant retaliated against Plaintiff for opposing Defendant's unlawful acts or practices or because Plaintiff made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under 42 U.S.C. §12101, et seq. and the Rehabilitation Act and adverse actions were then taken against Plaintiff.

41.     Alternatively, Defendant coerced, intimidated, threatened, or interfered with Plaintiff's rights under 42 U.S.C. §12101, et seq. and the Rehabilitation Act as a result of Plaintiff exercising or enjoying Plaintiff's rights granted under 42 U.S.C. §12101, et seq or encouraging another to do so.

42.     The foregoing unlawful actions by Defendant were purposeful.

43.     Because of Plaintiff's reporting Defendant's unlawful behavior, Plaintiff was the victim of retaliation, as relayed in part above.

44.     Plaintiff became a member of a protected class after reporting Defendant's unlawful employment practices or association with another who reported Defendant's unlawful employment practices, and Plaintiff was a victim of retaliation thereafter. There is a causal connection between the reporting of the

10

unlawful employment practices and the adverse employment actions taken thereafter.

45.    As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages have occurred in the past, are occurring at present, and will likely continue in to the future. Plaintiff is entitled to equitable/injunctive relief and to punitive damages under this count.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)    that process issue and this Court take jurisdiction over this case;

(b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)    enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and

economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Dated this 12th day of July, 2021.

Respectfully submitted,

/s/ Jim Garrity
Jim Garrity [FBN 0539211]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
jim@jimgarritylaw.com

ATTORNEYS FOR PLAINTIFF

12