IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| TERESA ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| v. ) | No. 7:21-CV-00086-HL |
| ) | |
| THOMAS UNIVERSITY, INC. ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
THOMAS UNIVERSITY, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Teresa Alexander ("Plaintiff") is a former graduate student of Thomas University, Inc. ("Defendant") and asserts a number of claims for damages based on allegations of disability discrimination and retaliation. After she filed this action, however, the Supreme Court held in *Cummings v. Premier Rehab Keller, PLLC*, 142 S. Ct. 1562 (2022), that the Rehabilitation Act does not provide recovery for emotional distress damages, which changed the law on this issue in the Eleventh Circuit. After *Cummings*, Plaintiff now has no legal avenue to obtain any of the damages she seeks; nor does she allege any facts to establish standing to seek injunctive relief. Thus, because Plaintiff's amended complaint (Doc. 9) fails to state any viable claim for relief, Defendant's motion for judgment on the pleadings should be granted and this action dismissed in its entirety, with prejudice.

**STATEMENT OF THE CASE**

The Plaintiff in this action is a former student of Defendant's university. (Doc. 9 ¶ 3.) She asserts three claims: (1) disability discrimination in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189; (2) retaliation under Title V of the ADA, 42 U.S.C. § 12203; and (3) disability discrimination in violation of Section 504 of the

Rehabilitation Act, 29 U.S.C. § 794. (Doc. 9 ¶¶ 38-66.)[1]

In 2018, Plaintiff enrolled in Defendant's master's program in clinical mental health and clinical rehabilitation counseling. (*Id.* ¶ 7.) She allegedly has dyslexia and dysgraphia and requested to have additional time on tests and audiobooks for her classes. (*Id.* ¶¶ 9-10.) According to Plaintiff, Defendant granted her request for additional time on tests but denied her audiobooks. (*Id.* ¶ 11.) She alleges that, in March 2019, Dr. Pauline Patrick, the division chair of counseling and psychology and director of student disability support services, emailed Plaintiff's program director and academic advisor that the quality of Plaintiff's professional writing was poor. (*Id.* ¶¶ 10, 13.)

As part of Plaintiff's program of study, she was required to complete a practicum and chose Honey Lake Clinic, a mental health facility, as her practicum site. (*Id.* ¶ 14.) She alleges she began her practicum on June 4, 2019. (*Id.* ¶ 15.) According to Plaintiff, while she informed Honey Lake Clinic's employees of her alleged disabilities, they refused to grant her any accommodations and would not permit her to enter progress notes in the clinic's computer system. (*Id.* ¶¶ 15-17.)

Plaintiff alleges she believed she was doing well in her practicum, but on July 11, 2019, about a month after her practicum started, Honey Lake Clinic terminated the practicum. (*Id.* ¶¶ 20-21.) She alleges Dr. Thomas Smith, Honey Lake Clinic's clinical director, would not give her a reason for ending her practicum and instead referred her to her program director, Dr. Cristina Jones. (*Id.* ¶ 22.) Plaintiff alleges Dr. Jones told her that Dr. Smith had called to complain about Plaintiff and the quality of her writing, and that Dr. Jones responded by telling Dr. Smith to "fire" Plaintiff. (*Id.* ¶¶ 23-24.)

---

[1] Plaintiff's amended complaint also asserted claims against former co-defendant Honey Lake Clinic, Inc., but Plaintiff voluntarily dismissed all claims against this co-defendant on April 27, 2022. (Doc. 37.)

On July 18, 2019, Defendant allegedly held a "remediation session" for Plaintiff, which her brother attended as her "disability advocate." (*Id.* ¶ 26.) Plaintiff alleges Defendant told her she would not be able to complete the remaining 34 practicum hours at a different site but instead would be required to start over with a new practicum. (*Id.* ¶ 27.) The next day, according to Plaintiff, she contacted Honey Lake Clinic to get more information about the termination of her practicum, and Defendant admonished her for engaging in unprofessional behavior. (*Id.* ¶ 28.)

Plaintiff alleges that on August 1, 2019, she complained to Dr. James Sheppard, Defendant's president, that Defendant had discriminated and retaliated against her and harassed her. (*Id.* ¶ 29.) She alleges Dr. Sheppard referred her to Defendant's human resources department. (*Id.*)

On August 16, 2019, Plaintiff's academic advisor emailed her an "action plan" for continuing her educational program. (*Id.* ¶ 30 & Ex. A.) This action plan required Plaintiff to audit and complete two writing courses, free of charge, and to successfully complete another writing course. (*Id.*, Ex. A.) The action plan also required her to maintain grades of "A," "B," or "S" in each class; maintain at least a 3.0 GPA; retake her practicum at a different site; meet with her academic advisor on a weekly basis; commit to studying a minimum of three hours per week for each of her classes; request tutoring if any grade fell below a "B" or "S"; and meet with her professors as requested and inform them if she is having difficulty in their classes. (*Id.* ¶ 32 & Ex. B.) The action plan also advised her she would be removed from the program and not be permitted to re-enroll if her final grade in any course fell to a "C" or "U" or lower. (*Id.*)

After receiving this action plan, Plaintiff did not enroll for classes the following semester, which she construes as being "dismissed" from the program. (*Id.* ¶ 30.) Nearly two years later,

she filed this action, seeking recovery for alleged emotional distress. (Doc. 1.) Nothing in her amended complaint gives any indication that she currently has any relationship at all with Defendant, that she ever intends to return to Defendant's university as student, or that Defendant poses her any risk whatsoever of future harm. (*See generally* Doc. 9.)

Defendant now moves to dismiss all claims in this action because Plaintiff's allegations in the amended complaint fail to state any claim for relief under any of the causes of action asserted. In summary:

1. Plaintiff's claims for ADA discrimination (Count I), ADA retaliation (Count II), and discrimination pursuant to the Rehabilitation Act (Count III) seek compensatory damages unavailable under these statutes;

2. Plaintiff fails to state a claim for injunctive relief because she seeks no particular injunctive relief other than a general "obey the law" injunction, which is unenforceable as a matter of law; and

3. Plaintiff lacks standing to seek injunctive relief because she alleges no facts to show a ruling in her favor would redress her alleged injuries, and she alleges only past injuries without any facts to show any real and immediate threat of future harm.

For these reasons, all of Plaintiff's claims against Defendant should be dismissed with prejudice.

## ARGUMENT AND CITATION OF AUTHORITY

**A.     Standard for granting a Rule 12(c) motion for judgment on the pleadings.**

"A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss." *Provident Mut. Life Ins. Co. of Phila. v. City of Atlanta*, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994); *see also Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002). To survive a motion to dismiss, a

complaint must contain enough factual allegations to "raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and state a claim for relief "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To do this, a plaintiff must plead more than "naked assertion[s]" without "further factual enhancement." *Id.* Thus, in reviewing the sufficiency of a complaint, a court should ignore allegations that are no more than opinions or mere legal conclusions. *South Fla. Water Mgmt. Dist. v. Montalvo,* 84 F.3d 402, 409 n.10 (11th Cir. 1996). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and "unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Importantly, allegations that are "merely consistent with" a violation of the law "stop[] short of the line between possibility and plausibility." *See Twombly*, 550 U.S. at 557. Thus, a claim will survive a motion to dismiss only if the factual allegations in the complaint are "enough to raise a right to relief above the speculative level." *Id.* at 555.

**B.        Plaintiff seeks damages Titles III and V of the ADA do not provide (Counts I & II).**

Title III of the ADA, in relevant part, provides "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Title V provides "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." § 12203(a).

***Neither Title III nor Title V of the ADA provides for damages awards.*** Title III of the ADA provides only for injunctive relief and attorney's fees. § 12188(a); *see also Gil v. Winn-Dixie Stores, Inc.*, 257 F. Supp. 3d 1340, 1349 (S.D. Fla. 2017) ("Under the ADA, a prevailing plaintiff is not entitled to damages[.]"), *vacated on other grounds*, 21 F.4th 775, 776 (11th Cir. 2021); *Ajuluchuku v. Southern New England Sch. of Law*, No. 1:05-CV-00446-JEC, 2006 WL 2661232, at *11 (N.D. Ga. Sept. 14, 2006) ("[T]he only remedy available under 42 U.S.C. § 12182 is injunctive relief."). For a retaliation claim under Title V, the available remedies are tied to the same relief as the relevant discrimination provision of the ADA.[2] § 12203(c). For example, if a plaintiff alleges retaliation for having opposed a violation of Title III of the ADA, as in this case, then the plaintiff's retaliation remedies are limited to what would be available for a Title III claim. Thus, since Title III of the ADA does not provide for damages awards, then an ADA retaliation claim based on having opposed a perceived Title III violation also cannot provide for damages.

In addition, numerous courts in this circuit and others have held that ADA retaliation claims do not provide for compensatory or punitive damages, regardless of the type of perceived discrimination at issue. *See Vaughan v. World Changers Church Int'l, Inc.*, No. 1:13-CV-0746-AT, 2014 WL 4978439, at *16 (N.D. Ga. Sept. 16, 2014) ("[T]he ADA does not authorize a retaliation claimant to seek compensatory or punitive damages; it only authorizes equitable relief for retaliation claims." (citing *Kramer v. Bank of Am. Secs., LLC*, 355 F.3d 961, 965 (7th Cir. 2004))); *Long v. Printpack, Inc.*, No. 1:10-CV-0196-TCB, 2010 WL 11596910, at *8 (N.D. Ga. June 14, 2010) ("After careful consideration, the Court finds that there can be no recovery for punitive or compensatory damages for a retaliation claim under the ADA.").

---

[2] Title I of the ADA deals with employment discrimination; Title II with discrimination in the provision of public services; and Title III addresses discrimination in public accommodations operated by private entities. Each title provides different remedies.

In Counts I and II of the amended complaint, Plaintiff seeks recovery for compensatory damages, specifically emotional distress, mental pain and suffering, mental anguish, loss of enjoyment of life, humiliation, embarrassment, and damage to reputation. (Doc. 9 ¶¶ 47, 56.) For the reasons discussed above, neither Title III nor Title V of the ADA permits recovery for such damages. Thus, the Court should dismiss all of Plaintiff's claims for damages under the ADA.[3]

C. **The Rehabilitation Act does not provide for the damages Plaintiff seeks (Count III).**

Section 504 of the Rehabilitation Act provides, in relevant part, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

Earlier this year, in *Cummings v. Premier Rehab Keller, PLLC*, 142 S. Ct. 1562, 1570, *reh'g denied*, 142 S. Ct. 2853 (2022), the Supreme Court held the scope of damages available under Section 504 of the Rehabilitation Act is limited to what traditionally is available for breach-of-contract actions – i.e., in return for federal funds, the recipients agree to comply with federally imposed conditions – which does not include damages for mental or emotional distress. Nor are punitive damages recoverable. *Cummings*, 142 S. Ct. at 1571-76; *see also Barnes v. Gorman*, 536 U.S. 181, 189 (2002) ("Because punitive damages may not be awarded in private suits brought under Title VI of the 1964 Civil Rights Act, it follows that they may not be awarded in suits brought under § 202 of the ADA and § 504 of the Rehabilitation Act."); *Seok Hwi Cha v. Kani House Japanese Rest.*, No. 1:16-CV-0485-SCJ, 2017 WL 11616366, at *2

---

[3] While Plaintiff also alleges she is entitled to recover "lost back and front pay, interest on pay, bonuses, and other benefits," as well as "lost wages" and "loss of benefits" (*see* Doc. 9 ¶¶ 47, 56), these appear to be scrivener's errors or passages inadvertently left in from an unrelated pleading. Nowhere does Plaintiff allege she was an employee of Defendant; nor does she assert a claim for employment discrimination under Title I of the ADA. The Court thus should disregard these passages as wholly irrelevant to the claims Plaintiff asserts.

(N.D. Ga. Oct. 16, 2017) ("Pain and suffering damages are also not available under a breach of contract theory." (citing O.C.G.A. § 13-6-1; *Hardwick v. Williams*, 265 Ga. App. 752, 752 (2004); *Bauer v. N. Fulton Med. Ctr.*, 241 Ga. App. 568, 572 (1999))).

In Count III, the only damages Plaintiff seeks are for emotional distress and pain and suffering.[4] (*See* Doc. 9 ¶ 66.) Thus, as with the ADA claims discussed in the preceding section, the Court also should dismiss all claims for damages pursuant to the Rehabilitation Act for seeking relief the statute does not provide. *See Cummings*, 142 S. Ct. at 1569 ("[D]amages for emotional harm are not recoverable in private actions brought to enforce the Rehabilitation Act[.]" (internal quotation marks omitted)).

**D.    Plaintiff fails to allege standing to assert a claim for equitable or injunctive relief (Counts I, II, & III).**

   **1.    *Standing must be clearly alleged at the pleading stage.***

Standing is a threshold jurisdictional requirement and thus may be challenged at the pleading stage pursuant to Rule 12(b)(1) like subject matter jurisdiction. *Stalley v. Orlando Real Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). A challenge to standing may be presented as either a "facial" or "factual" attack. *McElmurray v. Consol. Gov't of August-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Facial attacks challenge standing based on the allegations in the complaint, which the district court takes as true when considering the motion; while factual attacks challenge the existence of standing in fact, and, in such cases, "no presumptive truthfulness attaches to plaintiff's allegations." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

Standing in federal court requires a plaintiff to show (1) she has suffered an "injury in fact" of a legally protected interest that is both "concrete and particularized" and "actual or

---

[4] Again, while Plaintiff does include the phrase "lost wages" (Doc. 9 ¶ 66), this appears to be a scrivener's error as there is no dispute that Defendant never employed Plaintiff. *See supra* note 3.

imminent, not conjectural or hypothetical"; (2) there is a causal connection between the injury complained of and the defendant's alleged conduct; and (3) the injury could be redressed by a ruling in her favor. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992); *Koziara v. City of Casselberry*, 392 F.3d 1302, 1304 (11th Cir. 2004). All three requirements are the plaintiff's burden to show because she is the one invoking federal jurisdiction. *Lujan,* 504 U.S. at 560. Even at the pleading stage, the plaintiff must "'clearly . . . allege facts demonstrating' each element." *Spokeo*, 578 U.S. at 338 (quoting *Warth v. Seldon*, 422 U.S. 490, 518 (1975)).

Standing has a *fourth* requirement in actions seeking injunctive relief, such as actions pursuant to the ADA or the Rehabilitation Act. When a plaintiff seeks injunctive relief, she must also allege a "real and immediate" threat of future harm (*e.g.*, a genuine likelihood of returning to the defendant's place of business). *See Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328-29 (11th Cir. 2013); *Shotz v. Cates*, 256 F.3d 1077, 1081-82 (11th Cir. 2001) (citing cases). Alleged harm experienced ***only in the past***, or a "conjectural or hypothetical" possibility of future harm, is ***not*** sufficient. *See Houston*, 733 F.3d at 1328-29; *Shotz*, 256 F.3d at 1081-82.

> 2. ***Plaintiff fails to request any particular injunctive relief and thus fails to allege any facts showing redressability.***

Assuming for the sake of argument (but without conceding) that Plaintiff could show Defendant caused her to experience a concrete injury in fact, she alleges no facts to show how a ruling in her favor would redress her alleged harm. Because the ADA and the Rehabilitation Act do not provide for damages awards, the Court cannot redress Plaintiff's alleged emotional injuries with a damages award. Thus, the only form of relief that conceivably could be available to Plaintiff would be injunctive relief. *See* 42 U.S.C. § 12188(a);

***But Plaintiff does not request any particular injunctive relief.*** While she mentions in passing that she is entitled to "equitable/injunctive relief," she does not ask the Court *do* anything in particular, other than to require Defendant generally to obey the law. (*See* Doc. 9 ¶¶ 47, 56, 66; *id.*, p. 25.) Vague, non-specific requests for injunctive relief are insufficient to state claims for such relief. *See* Fed. R. Civ. P. 8(a)(3) (requiring complaint to state the relief plaintiff seeks); *J.H. v. Fisher*, No. 3:16-CV-26-FKB-FKB, 2019 WL 1281250, at *2 (S.D. Miss. Mar. 20, 2019) (granting motion to dismiss claim for injunctive relief where "Plaintiff failed to identify any particular injunctive relief he desires"); *Niecko v. Emro Mktg. Co.*, 769 F. Supp. 973, 991 (E.D. Mich. 1991), *aff'd*, 973 F.2d 1296 (6th Cir. 1992) ("Fed. R. Civ. P. 8(a)(3) requires something more in the way of specificity when the Plaintiff seeks declaratory and injunctive relief." (footnote omitted)). *Accord West v. AK Steel Corp.*, 484 F.3d 395, 403 (6th Cir. 2007) (holding "unspecified" request for equitable relief to be "insufficient to assert a proper equitable claim").

In addition, this circuit and others long have held general "obey the law" injunctions to be *per se* unenforceable because they violate the Federal Rules of Civil Procedure's requirement that an injunction "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained or required." *See* Fed. R. Civ. P. 65(d)(1); *Payne v. Travenol Labs., Inc.*, 565 F.2d 895, 898 (5th Cir. 1978) ("Such 'obey the law' injunctions cannot be sustained.").[5] *Accord EEOC v. AutoZone, Inc.*, 707 F.3d 824, 841 (7th Cir. 2013) ("An injunction that does no more than order a defeated litigant to obey the law raises several concerns.").

Moreover, Plaintiff alleges she no longer is a student at Defendant's university and had not been a student for over two years by the time she filed the amended complaint. (Doc. 9 ¶ 7.) Thus, since Plaintiff currently has no relationship whatsoever with Defendant, there is no

---

[5] The decisions of the former Fifth Circuit rendered before October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

injunction that could redress her alleged injuries. *See Green v. Mansour*, 474 U.S. 64, 71 (1985) ("Because there is no continuing violation of federal law to enjoin in this case, an injunction is not available.").

### 3. *Plaintiff fails to allege any likelihood of future harm as necessary to have standing to seek injunctive relief.*

"Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury." *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001) (citing *City of Los Angeles v. Lyons*, 461 U.S 95, 102 (1983)). A request for injunction thus properly is denied when future injury is unlikely or speculative. *See id.* at 1284-85.

The amended complaint contains no facts to indicate Plaintiff faces any threat of future injury. To the contrary, her pleading focuses entirely on alleged ***past*** harms, which are patently insufficient for obtaining injunctive relief. *Houston*, 733 F.3d at 1328-29; *Shotz*, 256 F.3d at 1081-82; *Wooden*, 247 F.3d at 1284; *see also Jones v. Savannah Fed. Credit Union*, No. 4:17-CV-00228-WTM, 2018 WL 3384310, 2018 U.S. Dist. LEXIS 114552 (S.D. Ga. July 10, 2018) (granting motion to dismiss for lack of standing for plaintiff's failure to allege actual ongoing or future harm). Indeed, Plaintiff has not been a student for over three years now and fails to allege even a general intent to return to Defendant's university in the future or to take steps to re-enroll as a student. Because the amended complaint contains no allegations whatsoever on these points, one can only speculate as to any future interaction between the parties, which is insufficient as a matter of law for establishing standing to seek injunctive relief. *See Lyons*, 461 U.S at 107-09 (holding plaintiff lacked standing to seek injunctive relief because it was speculative that police officers would arrest him again or that they again would apply allegedly unconstitutional

chokehold); *Shotz*, 256 F.3d at 1081-82 (granting motion to dismiss in ADA case and holding plaintiff lacked standing to seek injunction where he alleged only past incidents of discrimination but no facts to indicate future interaction with defendant); *Wooden*, 247 F.3d at 1284-85 (former student lacked standing to pursue injunctive relief where he gave no indication he intended to reapply for admission to university).

Accordingly, for the additional reasons that Plaintiff fails to state a claim for injunctive relief and altogether lacks standing to pursue such relief, her amended complaint should be dismissed in its entirety, with prejudice.

### III.  CONCLUSION

For the foregoing reasons, the Court should grant Defendant's motion for judgment on the pleadings as to all claims in the amended complaint and dismiss this action in its entirety with prejudice.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/ Michael M. Hill*
John D. Bennett
Georgia Bar No. 059212
Michael M. Hill
Georgia Bar No. 770486
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
T: (770) 818-0000
F: (770) 937-9960
E: jbennett@fmglaw.com
E: mhill@fmglaw.com

*Counsel for Defendant*
*Thomas University, Inc.*